MARIE SCHIERLOH, APPELLANT, v. KASTEN SCHIERLOH, RESPONDENT.

*Action for dower — consent to receive gross sum in lieu of — costs of action and extra allowance — may be allowed to both parties — chap. 717 of 1870, and chap. 258 of 1874.*

Chap. 717 of 1870, as amended by chap. 258 of 1874, provides that a widow, in any action brought to recover dower, may file a consent to accept a gross sum in lieu thereof, and that the court may thereupon order a sale; and that in case such sale is ordered, the plaintiff shall be entitled to recover her costs and disbursements out of the proceeds, and that "all subsequent proceedings in said action shall be conducted in accordance with the provisions" of the Revised Statutes in relation to the partition of lands, and such provisions "for the purposes of such sale and the distribution of the proceeds thereof, are made applicable to the proceedings in such action."

*Held*, that the court, in an action to recover dower in which such consent was filed was authorized to award costs and an extra allowance to the defendant as well as to the plaintiff, and that the dower interest was to be computed only upon the proceeds remaining after the deduction of both these amounts.

APPEAL from so much of an order made at a Special Term as allows costs to be taxed in favor of the defendant in this action, and awards to him an extra allowance.

*Morris & Pearsall*, for the appellant.

*William H. Waring*, for the respondent.

DYKMAN, J.:

This is an action by a widow against the heir-at-law of her deceased husband, to have her dower admeasured in certain lands of which her husband died seized, or to have the lands sold and her dower paid in gross out of the proceeds. Judgment has been entered in the action, and the land has been sold, and the court at Special Term gave costs and an additional allowance to the defendant as well as the plaintiff, as in action for partition, and the plaintiff has appealed to the General Term from an order refusing to strike these allowances to the defendant out of the judgment.

Section one of chapter 717 of the Laws of 1870, provided that in any action by a widow in any court to recover her dower or to procure the admeasurement thereof, the plaintiff might file a consent in writing, signed and acknowledged by her, accepting a gross sum of money in satisfaction and discharge of her dower in such real estate, to be estimated upon the net proceeds of a sale thereof to be adjudged by the court. If the court is satisfied that a portion of the land cannot be laid off as the dower of such widow, without material injury to the parties in interest, and the consent above mentioned has been filed, then the court has power to adjudge that the land be sold in the same manner that sales are made in actions to foreclose a mortgage.

Section two of this same law was amended by chapter 258 of the Laws of 1874 and, so far as is necessary to be noticed here, the law now is that if a sale is adjudged, the plaintiff in the action shall recover her costs, to be paid out of the proceeds, and all subsequent proceedings in the action after the sale is adjudged shall be concluded in accordance with the provisions of the statute in relation to the partition of lands, as amended, altered or modi-

fied by the several acts passed subsequent thereto, and the provisions of that statute as so amended, altered and modified for the purposes of such sale and the distribution of the proceeds thereof, are made applicable to the proceedings in such action.

This amendment seems to manifest the intention of the Legislature to subordinate these actions for dower to the statutes relating to actions for partitions, from the time a sale of the land is adjudged, and as these statutes provide that the costs and expenses of the proceedings shall be deducted from the proceeds of every sale, and be paid in the first instance, so the same thing should be done in these actions.

Costs and allowances are given to both parties in actions for partitions in the discretion of the court, and the same thing has been done in this action.

The allowance to the defendant is not large, and under the exposition we have given of the statute, we think the order appealed from is justified and must be affirmed, with costs and disbursements.

Barnard, P. J., and Gilbert, J., concurred.

Order affirmed, with ten dollars costs and disbursements.